## IN RE WENZELMANN.

---

PATENTS; INTERFERENCE; RES JUDICATA.

A decision in an interference case is *res judicata* against the unsuccessful party, although upon its termination and in another proceeding, claims corresponding to the issue were refused to the successful party, upon the ground that the invention had been in public use more than two years prior to his filing date.

No. 758. Patent Appeals. Submitted March 14, 1912. Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. W. W. Withenbury, Messrs. Herrick & Drew,* and *Mr. C. L. Parker* for the appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents rejecting certain claims of appellants, Gustave Wenzelmann and Edward H. Overholt, for a patent for wagon-dumping apparatus.

The material claims were involved in an interference proceeding between appellants and one Gilman, wherein a final judgment was entered awarding priority of invention to Gilman. After the termination of the interference, a proceeding was instituted in which it appeared that the invention involved in the interference had been in public use more than two years prior to the filing date of Gilman. Gilman was, therefore, refused claims corresponding to the issue.

It is contended by appellants in this proceeding that, inasmuch as the evidence in the public-use proceeding established that the judgment in the interference was erroneous, they are, therefore, the prior inventors of the invention covered by the claims before us. It was properly held by the tribunals of the Patent Office that the result of the proceedings touching public use cannot affect the judgment of priority in the interference proceeding. That judgment is *res judicata* against appellants, and to sustain their present contention would be equivalent to a retrial of the question of priority or a second interference, when they have been foreclosed by a final judgment in the first.

The decision is affirmed, and the clerk is directed to certify these proceedings as by law required.                *Affirmed.*